IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RYAN BONNEAU,

        Plaintiff,        Civil No. 11-341-AA

    v.                            ORDER

TUALATIN POLICE DEP'T,
et al.,

        Defendants.

AIKEN, District Judge.

    Defendants' Motion to Dismiss (#23) is allowed in part and denied in part as follows.[1]

    Defendants' Motion No. 1 to dismiss all claims for failure to properly serve the summons and complaint is denied without prejudice to request reconsideration after the motions before the court have been decided.

    Defendants' arguments in support of the motion are well

---

[1] "Defendants" include all defendants named in plaintiff's complaint except Robert Muir Smith who is alleged to be "an informant working in conjunction with the TPD." Complaint (#2) p. 3. It does not appear that Mr. Smith has been served with process.

1 - ORDER

taken and correctly set forth the proper procedure for service on defendants - which plaintiff did not follow. However, Plaintiff case is a inmate at FCI Sheridan and service of the summonses and complaints was made by the U.S. Marshal pursuant to the courts Order (#5). Although, defendants are entitled to service pursuant to the rules, such service may not be necessary on all defendants for the reasons set forth below.

Defendants' Motion No. 2 to dismiss all state law claims for failure to provide tort claim notice pursuant to ORS 30.275 is denied as to plaintiff's claim for malicious prosecution against the Tualatin defendants[2] and allowed as to all other state law claims against all defendants.

3.) Defendants' Motion No. 3 to dismiss all claims under 42 U.S.C. § 1983 under the Fourth Amendment is allowed. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Defendants' request that plaintiff's claim for false imprisonment under state law be dismissed is moot because plaintiff's state law claims are dismissed for failure to comply with ORS 30.275. [See Motion #2) above].

Defendants' Motion No. 4 to dismiss the Tigard defendants for failure to state a claim is allowed. Plaintiff's only allegation concerning the Tigard defendants is that defendant Massey took his fingerprints. This allegation fails to state a claim for violation of any Constitutional or state law right.

---

[2] See, Defendants' Reply (#35) p. 2.

2 - ORDER

Defendants Motion No. 5, No. 6, No. 7, No. 8 and No. 13, are denied as moot. These motions have to do with state law claims that have been dismissed (above) for failure to comply with the Tort Claim Notice requirements of ORS 30.275.

Defendants Motion No. 9 seeks to "dismiss all due process claims and miscellaneous claims that must be analyzed pursuant to the Fourth Amendment or state law for false arrest" Motion to Dismiss (#23) p. 2. In defendants' Memorandum of Law (#12), defendants argue that plaintiff's claims for alleged due process violations in violation of the Fourteenth and Fifth Amendments, and claims "to be free from summary punishment without trial" and violations of plaintiff's "freedom of expression" are intended to be included in the motion.

All of plaintiff's claims concerning his arrest except his allegation of "excessive force" and "freedom of expression" are not cognizable under 42 U.S.C. § 1983, for the reasons set forth in Heck v. Humphrey. Specifically, those claims if proved would necessarily imply that plaintiff's incarceration is illegal and arguably entitle plaintiff to release. Therefore the proper remedy for such claims is a petition for habeas corpus relief under 28 U.S.C. § 2254. Moreover, unlawful confinement does not constitute compensable injury under § 1983 until the confinement is invalidated.

Plaintiff's possible claims for excessive force and violation of his "freedom" of expression are not necessarily

3 - ORDER

barred by Heck. However, plaintiff has failed to allege sufficient facts or explain how defendants alleged conduct violated those rights.

Defendant's Motion No. 9 is denied as to a possible excessive force claim and a possible First Amendment claim and allowed in all other respects.

Defendants' Motion No. 10 for an "order striking Count 4" as redundant is construed as a motion to strike Count 3 [alleging that plaintiff's arrest was a violation of "bodily integrity"] is allowed.

Defendants' Motion No. 11 to "strike all redundant claims in which analysis of the Fourth Amendment or state law for false arrest applies" is allowed. For the reasons set forth in Heck v. Humphrey, supra, plaintiff's false arrest allegations are not cognizable under 42 U.S.C. § 1983.

Defendants Motion No. 12 to dismiss plaintiff's claim for a violation of the Eighth Amendment is allowed. Lee v. City of Loa Angeles, 250 F.3d 668 (9th Cir. 2001).

Defendants' Motion #14 to make more definite plaintiff's allegations that excessive force was used during his arrest is allowed.

Counsel for defendants did an through job in parsing plaintiff's complaint for possible claims and making appropriate motions. It appears that the motions above dismiss most of the possible claims alleged in the complaint. Defendants apparently concede that plaintiff may be able to

4 - ORDER

state a constitutional claim for alleged excessive force during his arrest, and I have found that a First Amendment claim is not necessarily barred.

Plaintiff is allowed 30 days to file an amended complaint consistent with this order. Plaintiff is advised that he should not re-alleged any of the matters dismissed above. Specifically, plaintiff's state law claims and constitutional claims based on his arrest[3] are dismissed with prejudice. In addition, the "Tiagard defendants" [ Defendant City of Tigard, the Tigard Police Department, City of Tigard Chief of Police, and Tigard Police Officer Nelson Massey] are dismissed with prejudice. Any allegations concerning these claims or defendants in any amended complaint that plaintiff might file will be stricken or dismissed *sua sponte*.

IT IS SO ORDERED

DATED this 3rd day of November, 2011

_____
Ann Aiken
United State District Judge

---

[3] Except for a possible excessive force claim and/or First Amendment claim.

5 - ORDER