IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

        Plaintiff,        6:11-cv-00341-AA

        v.                ORDER

TUALATIN POLICE DEP'T,
et al.,

        Defendants.

AIKEN, District Judge.

    On December 2, 2009, plaintiff was detained by City of Tualatin police officers for investigation of a "prescription forgery." Plaintiff was arrested and subsequently pled guilty to a charge possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

    Plaintiff *pro se* filed a 27 page complaint alleging numerous claims against 15 defendants, arising out of his arrest. Complaint (#2)

1 - ORDER

Defendants filed motion to dismiss plaintiff complaint on various grounds. Motion to Dismiss (#23) and Memorandum in Support (#24). By Order (#42) entered November 11, 2011, defendants' motion to dismiss was allowed primarily on the grounds that plaintiff's claims were barred by *Heck v. Humphrey*. However, the court found that plaintiff "may be able to state a constitutional claim for excessive force during his arrest" and that his "First Amendment claim is not necessarily barred." See, Order (#42) p. 4-5.

Plaintiff was allowed 30 days to file an amended complaint as to his excessive force and First Amendment claims. Plaintiff was advised that the should not re-allege any of the matters dismissed in the courts Order (#42). Specifically, plaintiff was advised: "[P]laintiff's state law claims and constitutional claims based on his arrest (except for a possible excessive force claim and/or First Amendment claim) are dismissed with prejudice. In addition, the 'Tigard defendants' [defendants City of Tigard, the Tigard Police Department, City of Tigard Chief of Police, and Tigard Police Officer Nelson Massey] are dismissed with prejudice. Any allegations concerning these claims or defendants in any amended complaint that plaintiff might file will be stricken or dismissed *sua sponte*." Order (#42) p. 5. By Order (#54) entered February 22, 2012, plaintiff's Motion for

2 - ORDER

Clarification or Reconsideration (#44) was allowed to clarify that plaintiff's malicious prosecution claim was dismissed by the court's Order (#42).[1]

On July 7, 2012, after an improper appeal which was dismissed by Order (#52) of The Ninth Circuit Court of Appeals on January 11, 2011, and several extensions of time, plaintiff filed a First Amended Civil Rights Complaint (#74).

Defendants[2] now move to dismiss as follows:

**Motion No. 1:** Pursuant to F.R.C.P.4(b), to dismiss all claims barred by the Court's previous Order on Defendants' F.R.C.P. 12 Motions dated November 3, 2011 as modified by its Order dated February 22, 2011.

**Motion No. 2:** Pursuant to F.R.C.P. 12(b)(6), to dismiss plaintiff's Fourth Amendment excessive force claim.

**Motions No. 3(A)-(C):** Pursuant to F.R.C.P. 12(b)(6), to dismiss plaintiff's First Amendment claims.

Motion (#75) p. 2.

---

[1]The court's Order (#42) was unclear regarding the dismissal of plaintiff's malicious prosecution claim against the Tualatin defendants. Defendants conceded that plaintiff's malicious prosecution claim should not be dismissed on the basis that tort claim notice was not provided. Reply in Support (#35) p. 2. The order was intended to dismiss plaintiff's malicious prosecution claim against the Tualatin defendants based on the other defenses argued in defendants' memorandum. Specifically, that judicial estoppel and issue preclusion bar plaintiff's claim, *ie.* The reasons argued in plaintiff's Motion No. 3(B) and (C).

[2]"Defendants" include all defendants except Robert Muir Smith who is alleged to be "an informant working in conjunction with the Tualatin PD." Mr. Smith has not been served.

3 - ORDER

Plaintiff's First Amended Complaint (#74) is a re-hash of the claims alleged in plaintiff's original complaint (#2). As noted above, except as to plaintiff's "possible claims for excessive force and violation of his freedom of expression" the claims alleged in plaintiff's original complaint were dismissed with prejudice. The court's order (#42) specifically limited plaintiff's amended complaint to claims for excessive force and First Amendment violations. Therefore, defendants' Motion No. 1 is allowed. All of plaintiff's claims - except those alleging excessive force and First Amendment violations - are denied for the reasons set forth in the court's previous Order (#42).

Plaintiff alleges during the time he was detained he requested to use the restroom and was denied. Specifically, plaintiff alleges that during the time he was detained he "was in pain from holding his urine in." Plaintiff's cruel and unusual punishment claim is based on defendants "refusing to allow plaintiff to use the restroom." First Amended Complaint (#74) p. 19. Plaintiff acknowledges that he was allowed to use the restroom upon his arrival at the Tualatin police station. Id., p. 11.

Plaintiff's rights as a pre-trial detainee or while civilly detained flow from the procedural and substantive due process guarantees of the Fourteenth Amendment rather the

4 - ORDER

Eighth Amendment's prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U..S. 520 (1979). However, because a detainee's rights under the 14th Amendment are comparable to a prisoner's rights under the Eighth Amendment, the Ninth Circuit applies the same standards. Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976). There is a *de minimis* level of imposition with which the Constitution is not concerned. Ingraham v. Wright, 430 U.S. 651, 674 (1977). Only those deprivation denying "the minimal civilized measure of life's necessities" are sufficiently serious to form the basis of an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992) quoting Rhodes v. Chapman, supra, and Wilson v. Seiter, 501 U.S. 294, 298 (1991).

I find that the discomfort associated with urge to urinate does not rise to a constitutional level and is insufficient to state a claim for "cruel and unusual punishment."

In his Response (#77) plaintiff argues that it was "quinessential excessive force" for defendants handcuff *and*

5 - ORDER

place him in the back of a patrol car. This argument is unconvincing. Mere handcuffing and placing plaintiff in the rear of a patrol car was not "objectively unreasonable" under the circumstances. See, Graham v. Connor, 490 U.S. 386 (1989) (citing Scott v. United States, 346 U.S. 128 (1978) and Terry v. Ohio, 392 U.S. 1 (1968). Moreover, to the extent the extent the allegations implicate the validity of plaintiff's detention and arrest, any claim based on the allegations is barred by Heck v. Humphrey.

Plaintiff's Count 5 alleges violations of his First Amendment rights as follows:

> a. First Amendment Right to freedom to travel (by seizing vehicle keys and driver's license);
>
> b. First Amendment Right to Association (by refusing to allow Plaintiff to contact his attorney);
>
> c. First Amendment Right to Freedom of Expression (by refusing to allow the plaintiff to contact his attorney).

First Amended Complaint (#74) p. 18.

In plaintiff's Response (#77) he states that "the freedom to travel occurred when: The plaintiff was able to bail out around 8:00 a.m. on December 3, 2009; however because Defendant Montrose kept Plaintiff's ODL and keys he was released without any identification or transportation." (Sic) Plaintiff's Response (#77) p. 6.

This allegation fails to allege a violation of

6 - ORDER

plaintiff's First Amendment freedom to travel. Plaintiff does not have a constitutional right to drive a rental vehicle that was used in the commission of a crime. The failure to provide plaintiff with his driver's license upon his release from jail did not affect plaintiff's ability to walk, take public transportation, or call someone for a ride.

Plaintiff's allegations concerning defendants' alleged refusal to allow him to contact his attorney implicates the validity of his arrest and detention. Accordingly, those claims are barred by the doctrine of *Heck v Humphrey*.

Defendants' Motion to Dismiss (#75) is allowed. The Clerk is directed to enter a judgment dismissing this action with prejudice.

**Any appeal from this Order or Judgment of dismissal would be frivolous and not taken in good faith.**

DATED this 12 day of March, 2013.

_____
Ann Aiken
United States District Judge

7 - ORDER